**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

LORRAINE S. ADAMS and
WILLIAM R. ADAMS,

        Plaintiffs,

                                    Case No. 3:22-cv-313-MMH-JBT

v.

NATIONWIDE MUTUAL INSURANCE
COMPANY,

        Defendant.

_____/

**O R D E R**

    **THIS CAUSE** is before the Court <u>sua</u> <u>sponte</u>.  Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction.  <u>See</u> <u>Kirkland v. Midland Mortgage Co.</u>, 243 F.3d 1277, 1279–80 (11th Cir. 2001).  This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction.  <u>See</u> <u>Univ. of S. Ala. v. Am. Tobacco Co.</u>, 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction <u>sua</u> <u>sponte</u> whenever it may be lacking.").  "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction

pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).

On March 18, 2022, Defendant Nationwide Mutual Insurance Company (Nationwide) filed its Notice of Removal (Doc. 1; Notice), removing this case from the Circuit Court, Fourth Judicial Circuit in and for Duval County, Florida. See Notice at 1.[1] In the Notice, Nationwide asserts that this Court has jurisdiction over the instant action pursuant to 28 U.S.C. §§1332 and 1441 because the amount in controversy exceeds $75,000.00, and the action is between citizens of different states. See id. at 1-4. Specifically, Nationwide asserts that Plaintiffs are citizens of Florida and that Nationwide, a corporation, is a citizen of Ohio, where it is incorporated and has its principal place of business. See id. at 3-4. However, Nationwide has failed to allege sufficient facts to establish that the amount in controversy exceeds $75,000.00.[2]

"Where the plaintiff has not plead a specific amount of damages . . . the defendant is required to show . . . by a preponderance of the evidence that the amount in controversy can more likely than not be satisfied." Kirkland, 243

---

[1]    In the Notice, Nationwide mistakenly asserts that it is removing this action from "the Circuit Court of the Fourteenth Judicial Circuit of Florida, in and for Duval County, Florida," see Notice at 1 (emphasis added), however, the Complaint (Doc. 3), the State Court Docket Sheet (Doc. 1-2), and the State Court Civil Cover Sheet (Doc. 1-5 at 1-3), confirm that the action was originally filed in the Fourth Judicial Circuit in and for Duval County.

[2]    When a case is removed from state to federal court, the removing party bears the burden of establishing that federal jurisdiction exists. See Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001).

F.3d at 1281 n.5; see also Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 752 (11th Cir. 2010).  In such a case, "removal from state court is [jurisdictionally] proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement."  Pretka, 608 F.3d at 754 (quoting Williams, 269 F.3d at 1319) (alterations in Pretka); see also Sierminski v. Transouth Fin. Corp., 216 F.3d 945, 949 (11th Cir. 2000).  If "not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed."  Pretka, 608 F.3d at 754 (quoting Williams, 269 F.3d at 1319); see also Sierminski, 216 F.3d at 949.

The Court may not speculate or guess as to the amount in controversy. See Pretka, 608 F.3d at 752.  However, "when a removing defendant makes specific factual allegations establishing jurisdiction and can support them (if challenged by the plaintiff or the court) with evidence combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations," reliance on such reasoning to establish jurisdiction "is not akin to [impermissible] conjecture, speculation, or star gazing."  Id. at 754.  All that is required is that a removing defendant show, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional requirement.  See id. at 752. At this stage of the proceedings, based on the Court's review of the Complaint, it is not facially apparent that the amount in controversy exceeds the $75,000.00

jurisdictional amount.  See 28 U.S.C. § 1332(a)(1); see also generally Complaint (Doc. 2).

"If a district court cannot determine the amount of controversy from the face of the complaint, it should consider the allegations in the notice of removal and any summary judgment type evidence that the amount in controversy exceeds $75,000.00." Dutton v. State Farm Mut. Auto. Ins. Co., No. 6:09-cv-1057-Orl-31DAB, 2009 WL 2985685, at *2 (M.D. Fla. Sept. 15, 2009).  Plaintiffs allege in the Complaint that this action is for "damages in excess of Thirty Thousand Dollars ($30,000.00), exclusive of prejudgment interest, attorney's fees, and costs." See Complaint ¶ 1.  In the Notice, Nationwide asserts that the amount in controversy exceeds $75,000.00 because "Plaintiffs filed a Notice of Intent to Initiate Litigation with the Florida Department of Financial Services, seeking $79,293.00 in their presuit settlement demand."  Notice at 5, Exhibit 4: Property Insurance Notice of Intent to Initiate Litigation (Doc. 1-7; Notice of Intent).  Additionally, in a footnote, Nationwide points to Plaintiffs' response to a resolution demand on March 10, 2022, in which Plaintiffs sought $98,500.00 to resolve the claim.  See Notice at 5, Exhibit 6: Settlement Offer (Doc. 1-9).  Plaintiffs indicated that the Settlement Offer included the following categories of damages,

1. Damages under Coverage A;
2. Contents Manipulation and Storage under Coverage C;
3. Additional living expenses under Coverage D;

    4. Attorney's fees and costs;
    5. Release of Bad Faith; and
    6. Interest to Date.

See id., Exhibit 6: Settlement Negotiations (Doc. 1-9). Plaintiffs did not attribute any specific valuation to any category of damages, nor did they include factual allegations describing the basis for the offer. Id.

> What [a settlement offer] counts for [ ] depends on the circumstances. Settlement offers commonly reflect puffing and posturing, and such a settlement offer is entitled to little weight in measuring the preponderance of the evidence. On the other hand, settlement offers that provide "specific information . . . to support [the plaintiff's] claim for damages" suggest the plaintiff is "offering a reasonable assessment of the value of [his] claim" and are entitled to more weight.

Mark v. Wood Haulers, Inc., No. CA 09-0706-CG-C, 2009 WL 5218030, at *9 (S.D. Ala. Dec. 31, 2009) (quoting Jackson v. Select Portfolio Servicing, Inc., 651 F. Supp. 2d 1279, 1281 (S.D. Ala. 2009) (alterations in Mark); see also McPhail v. Deere & Co., 529 F.3d 947, 956 (10th Cir. 2008) (stating that a proposed settlement amount is relevant evidence of the amount in controversy if it appears to reasonably estimate the claim) (citing Cohn v. Petsmart, Inc., 281 F.3d 837, 840 (9th Cir. 2002)). The only facts presented to the Court regarding Plaintiffs' damages derive from the Complaint, in which Plaintiffs allege that the drainage plumbing system for their dwelling failed and as a result, Plaintiffs have "sustained covered physical loss during the policy." See Complaint ¶¶4-5. Additionally Plaintiffs assert the "failed plumbing system will cause further loss

until it is replaced and therefore the Plaintiffs must tear out and replace the portions of the building necessary to gain access to the plumbing system." Id. ¶ 6. The Court is not presented with any information as to the cost of the replacements, the extent or severity of the property damage, or the costs or extent of the repairs.[3]  Without more information, the Court cannot discern whether Plaintiffs' Settlement Offer for $98,500, or the $79,293 estimate in the Notice of Intent, amount to a reasonable assessment of the value of the claim or are more akin to mere "puffing and posturing." See Jeffers v. State Farm Mut. Auto. Ins. Co., No. 3:09-cv-1097-J-34JBT, slip op. at 11–13 (S.D. Fla. July 16, 2010); see also Collins v. GEICO Gen. Ins. Co., No. 8:16-cv-280-T-24-MAP, 2016 WL 890089, at *2, n.3 (M.D. Fla. March 9, 2016) ("Most of the reported cases within the Middle District of Florida appear to conclude that CRNs are not sufficient evidence of the amount in controversy unless there is also specific information to support the amount demanded in the CRN.").

Thus, while the record may indicate that the amount in controversy potentially exceeds $75,000.00, it does not demonstrate "by a preponderance of the evidence that the amount in controversy can more likely than not be satisfied." See Kirkland, 243 F.3d at 1281 n.5; see also Pretka, 608 F.3d at 752. "[W]ithout facts or specific allegations, the amount in controversy [can] be

---

[3]     Notably, the Notice of Intent included an attachment titled "Estimate," that is not included in the record before this Court.

'divined [only] by looking at the stars'—only through speculation—and that is impermissible." <u>Pretka</u>, 608 F.3d at 753–54 (third alteration in original) (quoting <u>Lowery v. Ala. Power Co.</u>, 483 F.3d 1184, 1209, 1215 (11th Cir. 2007)). As such, Nationwide has failed to provide the Court with sufficient information for the Court to determine whether it has jurisdiction over this action.

Accordingly, it is **ORDERED:**

Defendant Nationwide Mutual Insurance Company shall have up to and including **April 4, 2022** to file an amended notice of removal demonstrating that the Court has subject matter jurisdiction over this case.

**DONE AND ORDERED** in Jacksonville, Florida, this 21st day of March, 2022.

**MARCIA MORALES HOWARD**
United States District Judge

lc28

Copies to:

Counsel of Record

7